FILED

NOV 2 8 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:                              ) Chapter 7
                                    )
SCOT M. BERMAN,                     ) No. 2:06-bk-03730-JMM
                                    )
                                    ) **MEMORANDUM DECISION**
                    Debtor.         )

The Debtor has filed motions seeking (1) to extend the time to file schedules; (2) to be relieved of the credit counseling requirements of the Bankruptcy Code; and (3) to transfer the case to another judge.

### Motion for Extension

As for the motion to extend the time to file schedules and statement of financial affairs, the court notes that the instant case was filed on November 8, 2006. The clerk's office extended the time to file schedules to November 23, 2006. To date, no schedules or statement of affairs have been filed.

The Debtor has filed, numerous times, for relief under the Bankruptcy Code. The court therefore presumes that the Debtor has, readily available, the information which is necessary to fill out the schedules and statement of affairs. Moreover, there was no reason given for an extension lasting longer than the two weeks given by the clerk. Additionally, the Debtor's reasons

for an extension of time to file schedules appear to be related to his wife's health, not his. He should therefore have little or no difficulty meeting the deadlines required by the Bankruptcy Rules. FED. R. BANKR. P. 1007(c) (statements and schedules due within 15 days after filing).

Because no schedules or statement of financial affairs were filed as of November 27, 2006, and because the Debtor did not provide any reasons for not complying with the filing requirement, the Debtor's motion to extend time past November 23, 2006, is DENIED.

### Motion to Waive Credit Counseling

The statute requires pre-filing credit counseling as a condition to filing. 11 U.S.C. § 109(h). The Debtor has not provided an adequate excuse for non-compliance which would allow him to come within the "exigent circumstances" exception.

Obtaining credit counseling is relatively inexpensive and trouble-free. A list of entities that perform such service is maintained by the Office of the U.S. Trustee, and it is the court's understanding that the course may be taken over the Internet or even over the phone. The Debtor, who has filed numerous petitions in this court, is an individual who would clearly benefit from such a course. Congress felt, in passing the statute, that this type of counseling (as well as the pre-discharge financial management course) would assist debtors in better understanding their financial situations.

Accordingly, the motion to waive credit counseling is DENIED.

### Motion to Recuse

Finally, the Debtor seeks a change of judge. In the federal system, unlike Arizona's statutory scheme, there is no ability of a litigant to "notice" a change of judge. In the bankruptcy courts, serial filers are assigned to the same judge, as a matter of judicial efficiency, to take advantage--once--of what sometimes can be an otherwise difficult learning curve for a judicial officer.

Case 2:06-bk-03730-JMM    Doc 21    Filed 11/28/06    Entered 11/28/06 15:09:59    Desc
Main Document    Page 2 of 4

Here, the Debtor, either alone or with his wife, has filed numerous petitions with this court. It makes eminent practical sense to have the same judge hear each succeeding case, so that the issues have a logical continuum, and time is not wasted in re-educating each newly-assigned judge.

In order to obtain a judge disqualification, a litigant must comply with 28 U.S.C. § 455. In this case, the Debtor states that:

1. The "venue" is improper;
2. The judge is biased and prejudiced against him;
3. The judge "abhors pro per litigants;" and
4. The judge had "a previous relationship with a witness."

The court will address each argument in turn. First, this judge sits as a bankruptcy judge for the District of Arizona. As the state is the district, there are no venue issues. Additionally, the Phoenix cases which are assigned to this judge do not require those debtors or other parties to travel to Tucson; instead, the judge travels to Phoenix. Thus, the litigants are not inconvenienced. FED. R. CIV. P. 42, cited by the Debtor, relates to either consolidation or separation of matters for trial. It is not applicable to recusal issues.

Second, this court does not perceive that it has acted in a biased manner toward the Debtor or his wife. The court has ruled on each issue as a matter of fact and/or law. Simply because a court may rule against a litigant is not a legitimate ground upon which to seek recusal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed. 2d 474 (1994).

Third, that this judge "abhors" litigants of any type is not supported by any evidence or fact, nor is it true. That ground does not merit recusal.

Fourth, and finally, the court is without any information as to who the "witness" is, with whom it had a "previous relationship." Because no names or circumstances were revealed, this reason for recusal fails.

1     Accordingly, the motion for recusal is DENIED.

2     A separate order will be entered disposing of each motion.

3

4     DATED: November 28, 2006.

5

6                               JAMES M. MARLAR
                                UNITED STATES BANKRUPTCY JUDGE

7

8 COPIES mailed this 28th
day of November, 2006, to:

9

10 Scot Berman
3317 E. Bell Rd., #101-152
Phoenix, AZ 85032

11

12 Constantino Flores
P.O. Box 511
Phoenix, AZ 85001-0511

13

14 Adam B. Nach
Lane & Nach, P.C.
2025 North Third Street, Suite 157

15 Phoenix, AZ 85004

16 Office of the United States Trustee
230 North First Avenue, Suite 204

17 Phoenix, AZ 85003-1706

18

19 By /s/ M. B. Thompson
       Judicial Assistant